IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDRE WHITFIELD,            )
                            )
    Petitioner,             )
                            )
v.                          )   Civil Action No. 3:15CV441–HEH
                            )
UNITED STATES OF AMERICA,   )
                            )
    Respondent.             )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. 2241 Petition)

On November 21, 2007, a jury of this Court found Andre D. Whitfield ("Whitfield") guilty of two counts of use of a communication facility to facilitate a drug offense; possession with intent to distribute 50 grams or more of cocaine base; attempt to possess with intent to distribute 50 grams or more of cocaine base; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a person previously convicted of a misdemeanor crime of domestic violence. *See Whitfield v. United States*, No. 3:07CR300–HEH, 2013 WL 4648495, at *1 (E.D. Va. Aug. 29, 2013). On May 14, 2012, this Court denied a 28 U.S.C. § 2255 motion filed by Whitfield. *United States v. Whitfield*, No. 3:07CR300–HEH, 2012 WL 1678015, at *8 (E.D. Va. May 14, 2012). On August 29, 2013, the Court denied a 28 U.S.C. § 2241 petition filed by Whitfield wherein he asserted, "that this Court lacks subject matter and in personam jurisdiction over his criminal case" because "he is an independent sovereign who is not subject to the jurisdiction of the United States [and thus] he is immune from prosecution and that the judgment in his case should be declared void." *Whitfield v. United States*,

Nos. 3:13cv50–HEH, 3:07CR300–HEH, 2013 WL 4648495, at *1 (E.D. Va. Aug. 29, 2013).

The matter is once again before the Court on a 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 1) filed by Whitfield. Whitfield once again asserts that the Court lacked jurisdiction over his person. This time, Whitfield makes the nonsensical argument that the Court lacked jurisdiction over him because he is a citizen of Maryland and refuses to accept that United States has any authority over citizens of Maryland. (§ 2241 Pet. Whitfield Aff., ECF No. 1-2.). Specifically, Whitfield contends that:

> 4. That, I hereby declare my intention is to be domiciled within the boundaries of Maryland, one of the several States united by and under the U.S. Constitution, indefinitely.
> 5. That, the United States is in this case is used in a territorial sense authorized by Article 1:8:17 of the U.S. Constitution and Title 18 U.S.C. § 7.
> 6. That, the territorial jurisdiction of the United States is foreign in regards to the several States united by and under the U.S. Constitution.
> 7. That, I am a foreign person subject to a foreign power in regards to the territorial jurisdiction of the United States.
> 8. That, I am not subject to the territorial jurisdiction of the United States.
> 9. That, I deny the legal existence of the territorial jurisdiction of the United States.
> 10. That, the U.S. District Court lacks statutory authority to render a judgment in case No. 3:07–CR–300.

(*Id.* ¶¶ 4–10 (capitalization corrected).) For the reasons set forth below, Whitfield's § 2241 Petition will be dismissed for want of jurisdiction.

## A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such a motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[1] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*,

---

[1] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B.  Analysis of Whitfield's 28 U.S.C. § 2241 Petition

Whitfield fails to satisfy any of the criteria for relief under *In re Jones*. *See id.* at 334. Moreover, it is plain that although labelled a § 2241 Petition, Whitfield's submission is simply a frivolous, successive 28 U.S.C. § 2255 Motion. The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get–Out–of–Jail

4

Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 [(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Whitfield's § 2241 Petition challenges the jurisdiction of the Court and falls squarely within the ambit of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) (permitting an inmate to challenge his sentence on the ground "that the court was without jurisdiction . . . ."). Whitfield has not obtained authorization to file a successive 28 U.S.C. § 2255 motion. Accordingly, Whitfield's § 2241 Petition will be dismissed for want of jurisdiction. The Court denies a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb 19 2016
Richmond, Virginia

5